UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TERA CHOATE,<br><br>      Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK; and<br>DOE 1-5,<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT

**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1681p and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3.	Plaintiff, TERA CHOATE (hereinafter "Ms. Choate" or "Plaintiff"), is a natural person residing in Azle, TX.  Defendant, USAA FEDERAL SAVINGS BANK (hereinafter "USAA") is a Texas corporation believed to maintain its principle place of business at 10750 McDermott Freeway San Antonio, TX.

4.	Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.	 USAA FEDERAL SAVINGS BANK and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

## FACTUAL ALLEGATIONS

6.	Sometime in 2007, while in married to another woman, Ms. Choate's ex-husband opened a credit card account with USAA ("account").  Ms. Choate met and married her ex-husband in 2009 and divorced on September 19, 2013.  In the Final Decree of Divorce, as part of the division of the estate of the parties, the court assigned "All of the remaining balance of the debt owed to USAA" to the ex-husband.  At the time of the divorce decree, the account was in good standing with a balance of less than $200.00.  On December 22, 2013, the account had a balance of $14.63.  Ms. Choate never assumed or used the account" after September 19, 2013.  After September 19, 2013, Ms. Choate was not in possession of any card connected to the account and was not receiving statements on the account.  Ms. Choate never opened any other

USAA account in her name.  USAA was logically and correctly sending all statements on the account to the ex-husband.

7. Sometime in 2014, Ms. Choate's ex-husband became delinquent on the account, of which he was the sole owner and user.  In October 2014, Ms. Choate's ex-husband filed for bankruptcy with a balance of approx. $4,765.00 on the account.  Her ex-husband acknowledges that he was solely responsible for the account and that the entire balance owed was incurred after the account was assigned to him in the divorce decree and after he and Ms. Choate were in fact divorced.

8. Shortly after her ex-husband filed for bankruptcy, USAA closed his account and then opened a new account in Ms. Choate's name without her knowledge or authorization.  USAA then transferred the $4,765.00 balance from the ex-husband's closed account to the new account in Ms. Choate's name.[1]  However, USAA bank continued to send all notices and statements only to Ms. Choate's ex-husband.

9. USAA reported the account with a balance of $4,765.00 to Ms. Choate's credit reports.  The account was reported as delinquent with a "charged off" unpaid status.  The date the account was reported as having been opened was October 31, 2007, over a year before Ms. Choate had even met her ex-husband.

10. Having become aware of the account on her credit reports, Ms. Choate placed numerous calls in an effort to resolve the matter, including on November 7, 2016.  On November 7, 2016, Ms. Choate informed USAA that the account belonged to her ex-husband before they were married and had been assigned to him in the divorce decree.  She further explained to USAA that she had otherwise nothing to do with the account.  She requested that USAA send her

---

[1] This new account unilaterally established by USAA as a successor to the original account shall continue to be referred to herein as the "account."

3

a copy of any application or contract showing that she was somehow responsible for the account. USAA agreed, but failed to do so.

11. In or about November 2016, Ms. Choate filed a dispute with Experian as to the validity of the account.

12. Having received nothing from USAA and with the erroneous account still being reported to her credit, Ms. Choate called USAA again on December 15, 2016. USAA claimed that they had nothing to send Ms. Choate because she had purportedly "applied electronically for the card." USAA agreed to have the matter reviewed by "another department."

13. On February 14, 2017, Ms. Choate received a collection letter from a collection agency, which was the first correspondence relating to the account that she received at her address.

14. On April 6, 2017, Ms. Choate once again called USAA to explain the entire situation as set forth above and requested any proof that she had somehow accepted responsibility for the account or otherwise opened an account with USAA. A representative from USAA advised Ms. Choate that she did not have access to the application and would have to transfer her to another department where they could "restore your original application." However, once transferred to such department, a second representative informed Ms. Choate: "There is nothing we can provide you in writing because it was an electronic application."

15. On February 10, 2018, Ms. Choate mailed letters disputing the account to each credit reporting agency, Equifax, Experian, and TransUnion. In her letter, Ms. Choate explained that USAA's claim that she opened the account in 2007 is entirely false since it was her husband that opened the account in 2007 – and she didn't even meet him until 2009. Ms. Choate further explained that she herself never opened the account or any other with USAA. Lastly, Ms.

Choate explained that she did not make any of the charges giving rise the balance on the account and that USAA has failed to produce any evidence that she solicited an account from them.

16. On February 21, 2018, USAA issued a letter in response to Ms. Choate's notice of dispute, stating in pertinent part: "As a result of our investigation, we have determined that the information in question is being accurately reported to the consumer reporting agencies." USAA did not contact Ms. Choate during the course of its investigation.

17. USAA continued to report the erroneous account to Equifax, Experian, and TransUnion through at least September 2018 without disclosing that the account is disputed by the consumer.

18. Defendants' erroneous reporting on the account to Ms. Choate's credit has caused her emotional distress, humiliation, and frustration. Due to Defendants' refusal to remove the erroneous account from her credit reports, Ms. Choate obtained counsel with Centennial Law Offices.

19. On December 17, 2018, Ms. Choate and a paralegal from Centennial Law Offices called USAA. USAA confirmed the claim that Ms. Choate opened the account on November 13, 2007. USAA also confirmed that Ms. Choate disputed the validity of the account on February 21, 2018. Lastly, USAA confirmed that Ms. Choate had in fact requested a copy of the original contract or any other documentation supporting USAA's claim that she opened the account, but that there was no indication that USAA ever provided such documentation. As before, USAA assured Ms. Choate that they would send her the documentation requested. As of January 8, 2019, Ms. Choate has received nothing.

20. Based on the foregoing, and as a direct result of Defendants' actions, legal fees in the amount of $3,955.00 have been incurred to date.

## CAUSES OF ACTION

### COUNT I

20. Plaintiff re-alleges paragraphs 1 through 19, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.SC. 1681s-2(b)(1) by either negligently or willfully: 1.) Failing to conduct a reasonable investigation with respect to the disputed account; and 2.) Failing to delete and permanently block the reporting of the disputed account to Plaintiff's credit.

### COUNT II

21. Plaintiff re-alleges paragraphs 1 through 19, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.SC. 1681s-2(a)(1)(A) by negligently or willfully furnishing information relating to Plaintiff to a consumer reporting agency that Defendants knew or had reasonable cause to believe was inaccurate.

### COUNT III

22. Plaintiff re-alleges paragraphs 1 through 19, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.SC. 1681s-2(a)(3) by negligently

or willfully furnishing disputed information relating to Plaintiff to a consumer reporting agency without notice that such information was disputed by Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) Actual damages for emotional distress in the amount of $7,500.00 pursuant to 15 U.S.C. 1681o(a)(1) if Defendants' actions are found to be negligent, or 15 U.S.C. 1681n(a)(1)(A) if Defendants' violations are found to be willful;

2.) For punitive damages in an amount to be determined pursuant to 15 U.S.C. 1681n(a)(2).

3.) For prejudgment interest in an amount to be proved at time of judgment;

4.) For attorney's fees pursuant to 15 U.S.C. 1681o(b) if Defendants' actions are found to be negligent, or 15 U.S.C. 1681n(c) if Defendants' violations are found to be willful;

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  January 8, 2019                    s/Robert Amador
                                          _____
                                          ROBERT AMADOR, ESQ.
                                          Attorney for Plaintiff Tera Choate
                                          Centennial Law Offices

9452 Telephone Rd. 156  
Ventura, CA. 93004  
(888)308-1119 ext. 11  
R.Amador@centenniallawoffices.com